IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GEORGE THOMAS & LINDA THOMAS,<br><br>        Plaintiffs,<br><br>v.<br><br>U.S. BANK, N.A., a foreign legal entity,<br><br>        Defendant. | No. CV 05-1725-MO<br><br>OPINION re: Bill of Costs and Attorney Fees |

**MOSMAN, J.,**

Defendant U.S. Bank prevailed in this matter and now requests an award of attorney fees in the amount of $159,455 pursuant to Fed. R. Civ. P. 54(d)(2), LR 54.3, and Or. Rev. Stat. §§ 646.638(3) and 646.641(2). U.S. Bank also moves for costs in the amount of $7,208.49 pursuant to Fed. R. Civ. P. 54(d)(1). Because the factors set out under Or. Rev. Stat. § 20.075 weigh in favor of awarding attorney fees to U.S. Bank, defendant's request for attorney fees is GRANTED IN PART. Additionally, because costs are generally awarded to the prevailing party, defendant's request for costs is GRANTED IN PART.

PAGE 1 - OPINION AND ORDER

# DISCUSSION

**I.   Attorney Fees:**

U.S. Bank seeks to recover attorney fees for defending the claims the Thomases brought under Oregon's Unlawful Debt Collection Practices Act ("UCDPA"), Or. Rev. Stat. §§ 646.639-646.641, and Oregon's Unlawful Trade Practices Act ("UTPA"), Or. Rev. Stat. §§ 646.605-646.638. Both of these statutes provide that the court *may* award reasonable attorney fees to the prevailing party. *Id*. U.S. Bank seeks to recover only those attorney fees it incurred from the beginning of the case, in October 2005, through briefing on the parties' respective motions for summary judgment, in November 2006, because the Thomases' state law claims were primarily dismissed at summary judgment. Below, I separately examine the factors courts are to consider before awarding attorney fees and then discuss the amount that is reasonable in this case.

**A.   Or. Rev. Stat. § 20.075 Factors**

Or. Rev. Stat. § 20.075 sets out the factors a court must consider before awarding attorney fees authorized by an Oregon statute. The statute requires the court to consider the following factors:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal;
>
> (b) The objective reasonableness of the claims and defenses asserted by the parties;
>
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases;
>
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses;

PAGE 2 - OPINION AND ORDER

>(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings;
>
>(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute;
>
>(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190; and
>
>(h) Such other factors as the court may consider appropriate under the circumstances of the case.

Or. Rev. Stat. § 20.075(1). After applying these factors to this case, I find that U.S. Bank is entitled to $45,000 in attorney fees.

### (a) The Conduct of the Parties in the Transactions that Gave Rise to the Litigation

I find that the conduct of the parties in the transactions that gave rise to the litigation was reasonable and in good faith, and therefore determine this factor to be neutral. Although the Thomases argued they were subject to harassing and threatening behavior on the part of defendant and its debt collectors, they failed to substantiate such allegations at trial. Additionally, at no point did either party engage in any activity that can be characterized as "reckless, willful, malicious, in bad faith or illegal." Or. Rev. Stat. § 20.075(1)(a).

### (b) The Objective Reasonableness of the Claims and Defenses Asserted by the Parties

This factor weighs in favor of awarding fees to U.S. Bank. U.S. Bank argues that because all but one of the Thomases' state law claims were dismissed before trial, the claims were objectively unreasonable. Although I reject the notion that a failure to survive summary judgment makes a claim *per se* unreasonable, two additional factors lead me to conclude that the Thomases' state law claims lacked merit. First, the entirety of the UTPA claim, as pled, was

PAGE 3 - OPINION AND ORDER

preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681t(b)(1)(F), and lacked any legal basis. Second, the one UDCPA claim that survived summary judgment was dismissed shortly before trial because it had a stated value of only $19.75. Taken together, these factors demonstrate that the state law claims asserted by the Thomases were, from their inception, tenuous at best. Finally, it is noteworthy that Oregon law requires that I consider only the "objective reasonableness" of the claims. Or. Rev. Stat. § 20.075(1)(b). Although I do not believe that these claims were brought in bad faith or even rose to the level of being frivolous, I do believe that additional due diligence on the part of the Thomases' attorneys should have precluded such claims from being asserted. Because the Thomases' claims were objectively unreasonable, this factor supports an award of attorney fees to U.S. Bank.

### (c) & (d) The Deterrent Effect of an Award on Future Litigants

The third and fourth factors are closely related, so I will discuss them together. The third factor is whether an award of attorney fees will deter others from asserting good faith claims in similar cases, Or. Rev. Stat. § 20.075(1)(c). The fourth is whether it will deter others from asserting meritless claims. Or. Rev. Stat. § 20.075(d). First, I do not believe that awarding attorney fees to U.S. Bank will deter other consumers from asserting good faith claims, as long as such claims have legal merit. I reject the Thomases' argument that an award of attorney fees would encourage the practice of illegal debt collection, because U.S. Bank was not engaging in this—or any—illegal practice. Because this award will not impact future plaintiffs from asserting reasonable claims, this factor is neutral.

On the other hand, I believe that an award of attorney fees will deter other potential plaintiffs from pursuing unreasonable claims. There is little doubt that a potential plaintiff, if

PAGE 4 - OPINION AND ORDER

faced with the possibility of having to pay the opposing party's attorney fees, will be less likely to pursue an unreasonable claim. Two-way fee shifting aims to protect not only plaintiffs with legitimate claims, but also defendants who may be forced to defend against groundless suits. *See generally* Thomas D. Rowe, Jr., *The Legal Theory of Attorney Fee Shifting: A Critical Overview*, 1982 Duke L.J. 651, 665 (1982). The risk of paying a defendant's legal fees is a factor that plaintiffs seeking legal recourse must consider in deciding whether to assert claims pursuant to statutes that authorize two-way fee shifting. Because an award of attorney fees in this case would discourage others from asserting meritless claims, this factor supports U.S. Bank's request.

### (e) & (f) The Objective Reasonableness and Diligence of the Parties and their Attorneys During the Proceedings and in Pursuing Settlement

Or. Rev. Stat. § 20.075 also requires that I consider the objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings and in pursuing settlement of the dispute. Or. Rev. Stat. § 20.075(1)(e)-(f). These factors support an award of attorney fees for two reasons. First, as mentioned above, all but one of the Thomases' state claims were dismissed at summary judgment, and the remaining UDCPA claim had a stated value of only $19.75. Ultimately, this claim was dismissed shortly before trial because of its *de mimimus* value. The Thomases' willingness to proceed to trial on this claim indicates a lack of objective reasonableness.

Second, the Thomases refused a $30,000 settlement offer made by U.S. Bank in August 2006. The Thomases assert that their rejection of this offer was reasonable because "[t]he offer would have required plaintiffs to receive little or no compensation and for their counsel to take a substantial reduction in fees which were reasonably incurred on objectively reasonable claims."

PAGE 5 - OPINION AND ORDER

(Pl.'s Memo. in Opp. to Def.'s Mot. for Att'y Fees and Cost Bill 7.) However, as explained above, the Thomases' state law claims were not objectively reasonable. A failure to accept a large settlement such claims only underscores the fact that the Thomases' behavior was not reasonable. Because the Thomases acted unreasonably in pursuing a claim with a *de minimus* value and in refusing to accept a $30,000 settlement, I find that this factor supports awarding attorney fees to U.S. Bank.

**(g) The amount that the court has awarded as a prevailing party fee under Or. Rev. Stat. § 20.190**

Because U.S. Bank was a defendant in this action, and thus not awarded a prevailing party fee, this factor is not applicable to this analysis.

**(h) Other factors the court may consider appropriate under the circumstances of the case**

The Thomases urge me to consider the fact that they are semi-retired senior citizens with a modest income as another factor that is appropriate under the circumstances of this case. Although I do believe that the relative financial positions of the parties *is* a relevant factor in deciding whether to award attorney fees, I do not believe that this factor is strong enough to outweigh all of the other factors in favor of awarding attorney fees to U.S. Bank. However, as I will discuss below, the relative financial position of the parties was one of the factors I considered in determining the amount of attorney fees to award.

Finally, I considered the fact that U.S. Bank is requesting an award of attorney fees incurred only during the first year of the case for the state law claims, through the briefing of summary judgment motions, as an indication that its request for attorney fees is reasonable. However, it is noteworthy that U.S. Bank is not authorized to recover attorney fees for defending

PAGE 6 - OPINION AND ORDER

against the Thomases' federal claims brought under FCRA. That statute only authorizes attorney fees for claims brought in bad faith or for purposes of harassment, which the Thomases' claims were not. 15 U.S.C.A. § 1681n(c). Therefore while U.S. Bank only requests reimbursement for a portion of the attorney fees it expended during this case, it still seeks the maximum amount it can recover under the law. For this reason, I considered but did not accord much weight to this factor.

Based upon the above factors, I find that U.S. Bank is entitled to recover attorney fees.

### B.     Amount of Attorney Fees

Or. Rev. Stat. § 20.075 provides that a court should consider the same factors discussed above in determining the amount of an attorney fee award. Or. Rev. Stat. § 20.075(2). Additionally, it provides that "[n]othing in this section authorizes the award of an attorney fee in excess of a reasonable attorney fee." Or. Rev. Stat. § 20.075(4). As mentioned above, U.S. Bank only requests an award of attorney fees for its state law claims, which were in large part dismissed at summary judgment. However, it seeks an award of all attorney fees it incurred from the beginning of the case until summary judgment (for work performed on both state and federal claims) because it argues "it is impossible to distinguish between the work done in defending against the two state law claims and the work done defending against the [federal] claims." (Def.'s Memo. in Supp. of Mot. for Award of Att'y Fees 2.) I disagree. Based upon the content of the briefs submitted by U.S. Bank during this time period, it is reasonable to assume that only half of the fees incurred during the first year of trial were devoted to the state law claims. For example, in its Memorandum in Support of Motion for Summary Judgment (#49), U.S. Bank devoted approximately thirteen pages to its federal claim, and less than ten to the state law

PAGE 7 - OPINION AND ORDER

claims. Additionally, while the document discovery and depositions covered events common to all claims, it is likely that, had the federal claims not existed, these efforts would have been significantly less costly and labor intensive. For this reason, I find that the amount expended by U.S. Bank defending the state claims was approximately $80,000, half of the amount requested by U.S. Bank for its state and federal claims.

The amount of an attorney fee award may also vary depending on the rationale behind the award. As one commentator writes, "some of the grounds other than compensation commonly regarded as bases for fee shifting do not require that amounts awarded bear any close relation to a prevailing party's actual expenditure. Punitive and deterrent rationales allow setting of the amount to be awarded at whatever level seems just and necessary." Rowe, *supra* at 677. As discussed above, one of the primary objectives of Oregon's fee shifting statute is to deter future potential litigants from asserting meritless claims and defenses. Or. Rev. Stat. § 20.075(1)(d). To the extent that the goal of fee shifting in this case is to deter future litigants from asserting similar unreasonable claims, I believe that an award of $80,000 is excessive.

Although the Thomases never asked for a specific dollar amount in damages for the state law claims, during trial, they asked the jury for $100,000 in damages arising from the federal claims. (Trial Tr. 716, Nov. 1, 2007.) Assuming they were seeking a similar amount in damages for the state law claims, I believe that awarding a fraction of that amount in attorney fees would effectively deter similar claims. For example, consider the following hypothetical: A potential litigant has a $100,000 claim that has a one in ten chance of winning at trial. If he files lawsuits ten times and wins once, without any external costs, he makes $100,000. However, if he is forced to pay $11,112 in attorney fees to the prevailing plaintiff each of the nine times he loses,

PAGE 8 - OPINION AND ORDER

his costs of losing nine times ($100,008) will exceed the amount he will gain if he wins once ($100,000). Thus, assuming the Thomases' state claims also had a one in ten chance of prevailing, a generous assumption given the relative unreasonableness of their claims, an attorney fee award of $11,112 to U.S. Bank would effectively deter future litigants from pursuing similar claims. (For the sake of simplicity, I eliminated the plaintiff's own attorney fees from the equation. If this cost were also considered, the attorney fee award could be even lower to deter similar claims.)

      The deterrence of frivolous claims, however, is not the only goal of fee shifting systems. Another goal is to make the injured party whole, because "[a] party subjected to a baseless suit . . . has an appealing claim for recompense of the legal fees he should not have had to spend." Rowe, *supra* at 657. In this case, an award of $80,000 would make U.S. Bank whole because that is the approximate amount it spent defending against the state claims. However, as discussed above, the goal of deterring unreasonable claims may be satisfied with an award as small as $11,000, assuming such claims would have had a one in ten chance of prevailing. An appropriate fee award, therefore, should strike a balance between these two goals, and fall somewhere between $80,000 as a ceiling and $11,000 as a floor. I find that an award of $45,000—which falls approximately halfway between these figures—strikes a balance between adequately compensating U.S. Bank and deterring future unreasonable claims.

      Two additional factors lead me to conclude that the appropriate award amount is $45,000. First, not all of the Or. Rev. St. § 20.075 factors support awarding attorney fees to U.S. Bank. For example, the first factor—the conduct of the parties in the transactions or occurrences that gave rise to the litigation—is neutral. Or. Rev. Stat. § 20.075(1)(a). The fact that the statutory

PAGE 9 - OPINION AND ORDER

factors do not overwhelmingly support awarding attorney fees further legitimizes a reduction in the amount of the award. Further, as discussed above, Or. Rev. St. § 20.075(1)(h) authorizes me to consider such other factors that are appropriate under the circumstances of the case, and the relative financial position of the parties in this case is such a factor. As mentioned above, the Thomases are semi-retired senior citizens with a modest income, and U.S. Bank is one of the nation's largest financial institutions. I believe that an award of more than $45,000 would be unduly burdensome on the Thomases without greatly benefitting U.S. Bank. In light of such considerations, I find that U.S. Bank is entitled to an award of attorney fees in the amount of $45,000.

Defendant's Motion for Attorney Fees (#164) is accordingly GRANTED IN PART.

## II.     Costs

U.S. Bank also requests that it be awarded costs in the amount of $7,208.49, including court reporting fees, witness fees, and document and photocopy costs. Costs are generally available to a prevailing party. Federal Rule of Civil Procedure 54(d)(l) provides that, "costs—other than attorney's fees—should be allowed to the prevailing party." This rule "creates a presumption for awarding costs to prevailing parties." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003). The court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id*. at 945. When the court exercises its discretion to deny costs, it must explain its reasons for doing so. *Id.*

I grant all costs requested by defendants except for the $1,900 paid to its expert witness, Richard LeFebvre. Unless explicitly authorized by statute, expert witness fees are not

PAGE 10 - OPINION AND ORDER

recoverable. *See W. Va. Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86-87 (1991). Because neither FCRA nor the Oregon statutes under which the Thomases filed claims authorize the recovery of expert witness fees, the $1,900 U.S. Bank paid to its expert witness is not recoverable. As such, U.S. Bank is entitled to recover costs in the amount of $5,308.49.

Defendant's request for costs (#167) is accordingly GRANTED IN PART.

IT IS SO ORDERED.

DATED this __8th__ day of April, 2008.

/s/ Michael W. Mosman

MICHAEL W. MOSMAN

United States District Court